The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

James W. HOWARD et ux., Appellees.

The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

Gary L. VINSON et ux., Appellees.

Supreme Court of Tennessee.

July 1, 1974.

Thomas, Leitner, Mann, Warner & Owens, Chattanooga, for appellant.

Dan Massey and Ed Lane, Chattanooga, for appellees.

## OPINION

CHATTIN, Justice.

The above styled cases were consolidated for trial in the circuit court. Counsel for the respective parties have agreed, since the same issue was raised in each of the cases, one opinion will suffice.

We will refer to the parties as they appeared in the trial court: that is, appellant as the defendant and appellees as the plaintiffs.

Each of plaintiffs' wives underwent an elective surgical sterilization process, otherwise described as being a transection of the fallopian tubes.

Thereafter, plaintiffs brought these suits to recover surgical expenses incurred due to the operations under the provisions of an accident and health insurance policy issued by defendant.

Defendant filed an answer to the complaints denying coverage on the alleged ground the insurance policy covered only surgical procedures made necessary as the result of bodily injury or sickness.

Plaintiffs filed a motion for summary judgment.

The insurance policy provides, in pertinent part, as follows:

"Upon receipt of due proof that any surgical procedure enumerated in Schedule 1 (the surgical schedule) hereof shall have been performed by a licensed physician upon an eligible employee or eligible dependent as the result of bodily injury or sickness * * * the insurer will pay * * *."

The surgical schedule does not specifically enumerate coverage of sterilization surgery. However, defendant admits the policy would cover the surgical expenses if

it had been necessitated by sickness or bodily injury.

Plaintiffs do not insist the surgery was necessitated as a result of sickness or bodily injury. Instead, plaintiffs rely on the provisions of T.C.A. Section 56–2933. They insist T.C.A. Section 56–2933 precludes defendant from denying coverage for the surgery.

T.C.A. Section 56–2933 provides, in pertinent part, as follows:

"Any provision of the law to the contrary notwithstanding, no contract of insurance which provides coverage for sterilization operations or procedures may be entered into or renewed on or after July 1, 1971, if such contract imposes any disclaimer, restriction on, or limitation of coverage with respect to the insured's reason for sterilization. All such contracts entered into or renewed on or after July 1, 1971, shall be construed to be in compliance with the provisions of this section and any provision in any contract which is in conflict with this section shall be of no force or effect."

The trial judge agreed with plaintiffs' contention and sustained the motion for summary judgment of each of the respective plaintiffs.

Defendant perfected this appeal and has assigned four assignments of error. However, we deem it only necessary to consider the fourth assignment. That assignment contends the trial judge erroneously applied T.C.A. Section 56–2933 to the facts of the cases. We agree.

Had the policy provided coverage for surgical sterilization procedures, then T.C.A. Section 56–2933 would apply. However, the Section provides where a policy covers "sterilization operations or procedures . . . entered into or renewed on or after July 1, 1971, [may not impose] any disclaimer, restriction on, or limitation of coverage with respect to the insured's reason for sterilization."

This Section affects those policies that specifically cover sterilization. It does not affect policies which are limited to surgery occasioned by sickness or injury.

Plaintiffs concede the operations were elective and not "as a result of bodily injury or sickness."

We are fortified in the above construction of the Section by the opinion of the Attorney General of the State dated October 11, 1973, and which in part reads as follows:

"The statutory provision, particularly within the framework of the Family Planning Act, refers to those operations and procedures, voluntary in nature, in which sterilization is the intended result. The Family Planning Act does not require that the sterilization operation be related to the treatment of injury or disease. T.C.A. 53–4603. To the contrary, it is the declared policy of the legislature that sterilization, along with less permanent birth controls, is, or may be, socially, economically, and enviromentally desirable. T.C.A. 53–1603, [53–4603]. To facilitate this goal, T.C.A. 53–2933 [56–2933] provides that where policies cover 'sterilization operations or procedures,' the reasons for obtaining this status cannot be inquired into for purposes of restriction or disclaimer. This provision affects those policies which specifically cover sterilization but does not affect those which are limited to surgery or surgery occasioned by injury. Policies in the latter category did not, prior to 1 July 1971, provide coverage for sterilization operation unless the operation was medically advisable because of injury or sickness. Thus, such policies cannot be said to cover 'sterilization operations and procedures' as such, but rather cover injury and sickness which might but do not necessarily include operation resulting in sterilization.

"Under such policies, the company may make inquiries to determine whether the sterilization operation meets the

health condition requirements of the coverage. If, however, the policy specifically covers 'sterilization operations and procedures' no inquiry is permissible for disclaimer purposes."

The judgment of the trial judge is reversed and the suits dismissed. Plaintiffs will pay the costs.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.